IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GUY BROCK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE CITY OF ORD, NEBRASKA, a<br>Municipal Corporation; et al.,<br><br>                    Defendants. | 4:21-CV-3085<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to dismiss (filing 13) plaintiff Guy Brock's complaint (filing 1) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).[1] For the reasons stated below, the motion will be granted in part and denied in part.

But just because this case will be permitted to proceed doesn't mean it ought to. All of the people involved with this lawsuit should regret being here. To begin with, nearly every public official draws the attention of critics and

---

[1] The defendants' motion referred only to lack of subject matter jurisdiction, *see* filing 13, but in their simultaneously filed brief, the defendants sought dismissal on the grounds that Brock failed to state a claim, *see* filing 14 at 4, later explaining that their failure to include this defense in their motion was a "scrivener's error," filing 21 at 1. Brock argues that the defendants waived their Rule 12(b)(6) argument by not raising it in their motion. Filing 17 at 2. But the defendants' brief sufficiently put Brock on notice that his failure to raise a claim was at issue, and in fact, his brief contains a detailed argument that his complaint states a well-pleaded claim. *See* filing 17 at 4-24. Since the parties have sufficiently briefed the issue, the Court will consider whether Brock has stated a claim.

1

cranks who have opinions they insist on sharing. This Court has no shortage of its own pen pals. But rather than accept that as one of the privileges of public service, the defendants decided to pursue a lawsuit that asked a state court to impose a prior restraint on the plaintiff's speech. The plaintiff, for his part, prevailed in that case, and for his part could have been content with having his First Amendment rights vindicated by that victory—but instead, he's filed *another* lawsuit in response, despite facing no current peril.

This Court's docket is full of cases genuinely implicating lives, livelihoods, and liberty—but instead of addressing those claims, the Court finds its attention diverted by having to referee this squabble. It is tempting to turn this car around and go straight home. But of course, as long as the parties intend to keep it up, the Court is duty-bound to preside, so instead, the Court proceeds to the merits.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim

for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). The Court may also take notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

FACTS

Stripped of legal conclusions, Brock's complaint alleges the following facts:

3

- Plaintiff Guy Brock is a citizen of the defendant City of Ord, Nebraska. Filing 1 at 2.

- Defendant Dan Petska is the mayor of the City, and Defendant Heather Sikyta is the city attorney. Filing 1 at 1.

- Brock regularly wrote letters to elected officials of the City, including Petska, related to activities of city government. Filing 1 at 2.

- Petska, Sikyta, and other City representatives met in the winter of 2019–2020 to discuss Brock's letter-writing, and ways to prevent Brock from further petitioning his representatives. Filing 1 at 2.

- At this meeting, Petska and Sikyta decided to take legal action against Brock in response to his practice of letter-writing. Filing 1 at 2.

- On March 4, 2020, the City sued Brock in the District Court for Valley County, Nebraska requesting a permanent injunction enjoining Brock from sending "any kind" of communication to the City or the Ord Police Department "unless directly related to a city service or other city function

related specifically to Defendant and his property." [2] Filing 1 at 2-3.

- In its lawsuit, the City also requested damages in an undisclosed sum, attorney fees, and the costs of the lawsuit. Filing 1 at 3.

- Brock retained counsel to defend the lawsuit, and the District Court of Valley County ultimately dismissed the action on June 12, 2020 for failure to state a claim. Filing 1 at 3.

Brock alleges that the above actions by the defendants violated his First Amendment rights and constituted malicious prosecution. Filing 1 at 4-5. Brock asserts claims under state law and 42 U.S.C. § 1983 against the City,

---

[2] The parties disagree on the extent to which the Court should consider the City's state court complaint against Brock in ruling on this motion. The defendants argue that since the City's complaint was attached as an exhibit to Brock's complaint, the Court should take as true all of the factual allegations set forth by the City in its complaint. *See* filing 21 at 8. The Court rejects this argument. Brock included the City's complaint as evidence that the City took legal action against him. Through the Court's power to take judicial notice of other court records, it is accepted as true for this motion that the City did, in fact, file a complaint for injunction against Brock. The Court cannot take as true the factual allegations within the City's complaint, including that Brock engaged in harassing conduct, as they lack any indicia of reliability at this stage. *See Whitten v. City of Omaha*, 199 F. Supp. 3d 1224, 1231 (D. Neb. 2016); *see also Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831-32 (8th Cir. 2003) (providing that the Court cannot judicially notice documents for the truth of the matters asserted in them).

Petska in his official and individual capacities, and Sikyta in her official capacity. Filing 1 at 1.

DISCUSSION

*First Amendment Claim*

The defendants' first argument is that Brock's complaint fails to state a retaliation claim. "[T]o establish a First Amendment retaliation claim in a particular case, a plaintiff must show (1) that he engaged in a protected activity, (2) that the defendant's actions caused an injury to the plaintiffs that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) that a causal connection exists between the retaliatory animus and the injury." *Scott v. Tempelmeyer*, 867 F.3d 1067, 1070 (8th Cir. 2017).

Brock has pleaded sufficient facts to show that he engaged in a protected activity. Petitioning the government for redress is "among the most precious of the liberties safeguarded by the Bill of Rights." *In re IBP Confidential Bus. Documents Litig.*, 755 F.2d 1300, 1309 (8th Cir. 1985) (quoting *United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967)). Writing letters to elected representatives about government activities is "unquestionably" a protected activity. *See id.*; *Williams v. City of Carl Junction*, 480 F.3d 871, 874-75 (8th Cir. 2007).[3]

Brock has also pleaded facts sufficient to reasonably infer the defendants' conduct caused him an injury that would chill a person of ordinary firmness from continuing to petition city officials. The ordinary firmness test

---

[3] As stated above, for purposes of this motion, the Court will not take as true the City's allegations that Brock's letters were harassing, and therefore, need not consider at this time the extent to which the First Amendment petitioning clause protects such communications.

6

is an objective one "designed to weed out trivial matters from substantial violations of the First Amendment." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). The overall question is "what a reasonable person would have done" in response to the allegedly retaliatory conduct. *Garcia v. City of Trenton,* 348 F.3d 726, 729 (8th Cir. 2003). That standard is not particularly demanding: for instance, when a mayor allegedly "engaged in the punitive machinery of government" to have $35.00 in parking tickets issued against a citizen "to punish . . . her speaking out," there was a sufficient question of fact as to whether this would chill a person of ordinary firmness. *See id.*

Here, Brock has alleged that in response to his letter-writing, the defendants brought legal action against him. In the resulting lawsuit, the City sought to permanently limit Brock's speech and also requested monetary damages, attorney fees, and costs. Filing 1 at 3. Brock further alleges that he was "forced to retain counsel at his own expense in order to defend his rights to speak freely and petition his government." *Id.* Taking these facts as true, Brock has sufficiently established that the defendants' actions caused him to suffer a concrete injury. It can also be plausibly inferred that a person of ordinary firmness would be chilled from further petitioning city officials once facing civil liability and the threat of monetary damages. (Nor would it be unreasonable to conclude that a lawsuit *expressly* meant to prevent Brock from petitioning was, in fact, meant to deter him from petitioning.)

The defendants do not argue that Brock failed to establish the third element of this claim, and from the facts it is clear the lawsuit was motivated at least in part by Brock's letter writing. Thus, the Court will simply note that Brock has alleged sufficient facts to plausibly infer a causal connection

between the defendants' alleged animus and the lawsuit. *See L.L. Nelson Enters. v. Cnty. of St. Louis*, 673 F.3d 799, 807 (8th Cir. 2012).

Instead, the defendants argue that even if Brock has stated a retaliation claim against them, Petska and Sikyta are entitled to qualified immunity. *See* filing 14 at 8. To prevail on a motion to dismiss based on qualified immunity, "defendants must show that they are entitled to qualified immunity on the face of the complaint." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).

Qualified immunity shields public officials performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard*, 777 F.3d 977, 979 (8th Cir. 2015); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, 555 U.S. at 231. It gives government officials breathing room to make reasonable but mistaken judgments about open legal questions and protects all but the plainly incompetent or those who knowingly violate the law. *Parker*, 777 F.3d at 979-80.

In determining whether a government official is entitled to qualified immunity, the Court asks (1) whether the facts alleged establish a violation of a constitutional or statutory right and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his actions were unlawful. *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see Parker*, 777 F.3d at 980. Whether an official

8

protected by qualified immunity may be held personally liable for an allegedly unlawful official action turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. *Messerschmidt*, 565 U.S. at 546; *Pearson*, 555 U.S. at 244. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson*, 555 U.S. at 231.

For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Parker*, 777 F.3d at 980. Clearly established law is not defined at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced. *Id.*; s*ee Seymour v. City of Des Moines*, 519 F.3d 790, 798 (8th Cir. 2008). It is unnecessary to have a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. *Parker*, 777 F.3d at 980.

As explained above, Brock has alleged sufficient facts to establish a violation of a constitutional right—specifically, a violation of his right to be free from retaliatory action by the government for petitioning his elected officials. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006); *Williams v. City of Carl Junction*, 480 F.3d 871 (8th Cir. 2007); *see generally Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005). Whether the defendants are entitled to qualified immunity therefore turns on whether it was clearly established, at the time the lawsuit was filed, that Brock had a right to be free from purely retaliatory lawsuits filed by the government in response to his petitioning of city officials. The Court concludes that it was.

9

At the time the lawsuit was filed, it was clearly established beyond debate that citizens have a right to be free from intentional, retaliatory conduct by the government in response to protected petitioning. *Scott v. Tempelmeyer*, 867 F.3d 1067, 1070 (8th Cir. 2017) (quoting *Hartman*, 547 U.S. at 256). Additionally, this Circuit had held only two classes of petitioning speech to be *unprotected*: (1) "sham" speech directed only toward harming others and not toward influencing government action; and (2) certain genuine attempts to influence governmental policy that are violent, illegal, or defamatory. *In re IBP*, 755 F.2d at 1313.

Further, the precedent of this Circuit clearly established that citizens have a right to be free from government officials engaging the machinery of the government to lodge *baseless* proceedings against them for exercising their right to petition. For example, in *Williams,* the plaintiff was a "self-described 'vociferous critic' of the City." 480 F.3d at 873. In roughly two years, he was issued over twenty-five municipal citations. *Id.* at 874. This Circuit held that if the mayor's retaliatory animus had led to the issuance of citations that were otherwise unsupported by probable cause, it could be established that the citations were issued in retaliation for the plaintiff's petitioning in violation of the First Amendment. *Id.* at 876-77.

Similarly, in *Harrison v. Springdale Water & Sewer Commission*, the plaintiffs brought suit against the city and its commission after sewage discharge damaged their property. 780 F.2d 1422, 1424 (8th Cir. 1986). The plaintiffs alleged that the city filed a frivolous condemnation counterclaim in retaliation for exercising their First Amendment right to petition the government through the courts. *Id.* This Circuit held that the plaintiffs stated

10

a First Amendment retaliation claim since a frivolous counterclaim filed by the government in retaliation for petitioning would be unlawful.

Taking Brock's allegations as true—that he was writing letters to his elected officials *about city activities*, and that Petska and Sikyta decided to assert the lawsuit because of that speech—every reasonable official would have known that Brock's speech was protected from intrusion by the First Amendment. In light of *In re IBP*, reasonable city officials would have also known that their lawsuit was without merit if, as Brock alleges, he was only engaging in protected petitioning activities not subject to restraint by the government. Finally, although *Williams* and *Harrison* dealt with slightly different government conduct, they clearly established that frivolous legal and regulatory actions taken by local government against citizens in retaliation for petitioning violate the First Amendment.[4]

---

[4] The defendants direct the Court's attention to *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1301 (11th Cir. 2019), *cert. denied sub nom. DeMartini v. Town of Gulf Stream, Fla.*, 141 S. Ct. 660 (2020)—and the Court may look to state courts, other circuits, and district courts for what is clearly established, *see Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 866 (8th Cir. 2021). The Eleventh Circuit held in *DeMartini* that a First Amendment claim predicated on an allegedly retaliatory lawsuit may be defeated if there was "probable cause" to file the underlying civil lawsuit. 942 F.3d at 1304. But that case involved a RICO lawsuit brought by a small town in Florida that had been subjected to thousands of public records requests, many frivolous, as part of an alleged scheme to extort unreasonable settlement demands and attorney's fees when the town was unable to promptly comply with the requests. *See id.* at 1281-87. And that case was decided on a developed summary judgment record. *See id.* at 1281. Neither the record nor the facts alleged here are remotely comparable: even if probable cause to file a civil lawsuit can defeat a First

11

It is true, as the defendants point out, that "clearly established law" is not defined at a high level of generality, and must be "particularized" to the facts of the case. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017). But that's because the critical question is whether the official acted reasonably in the particular circumstances he or she faced. *See Parker v. Chard*, 777 F.3d 977, 980 (8th Cir. 2015); *see Seymour v. City of Des Moines*, 519 F.3d 790, 798 (8th Cir. 2008). In other words, what must be "particularized" are the circumstances under which the official acted, not necessarily the actions taken in response. *Cf. White*, 137 S. Ct. at 552; *cf. also D.C. v. Wesby*, 138 S. Ct. 577, 590-91 (2018). Where it is clearly established that retaliation for constitutionally protected conduct would be unlawful, there is no reward for creativity in finding a novel way to retaliate.

Putting it all together, every reasonable official would have understood that baseless, retaliatory legal proceedings against a citizen for petitioning the government violate the First Amendment. In fact, the defendants implied that they knew a lawsuit lacking probable cause—such as the one Brock alleges was filed—would likely be considered prohibited retaliation. *See filing 14 at 10.* Therefore, Petska and Sikyta are not entitled to qualified immunity on the face of the complaint, and the defendants' motion to dismiss Brock's § 1983 claim will be denied as to all defendants.[5]

---

Amendment retaliation claim, no such probable cause can be found in the plaintiff's complaint here, which is the extent of the record.

[5] This is not to say that their claims actually *were* baseless or that the defendants would have known them to be so: qualified immunity may still be available to the individual defendants on a more developed record. If Petska and Sikyta can establish that Brock's conduct rose to the level of harassment or defamation, the Court will then have to consider whether it was

*Malicious Prosecution*

The defendants also argue that Brock's state law malicious prosecution claim should be dismissed because the governing Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 *et seq*., bars such claims as a matter of law. *See* filing 14 at 14. Under Neb. Rev. Stat. § 13-902, a political subdivision and its employees are immune from tort claims except as provided by the PSTCA. The PSTCA specifically exempts from any waiver of governmental immunity "claims arising out of . . . malicious prosecution . . . ." Neb. Rev. Stat. § 13-910(7).

Brock does not dispute that his malicious prosecution claim is covered by § 13-910(7) (*see* filing 17 at 21, 23). Instead, he argues that the Court should not dismiss his claim until the defendants disclose insurance information under Fed. R. Civ. P. 26(a)(1)(A)(iv), which would allow him to determine if the City may have waived its immunity for malicious prosecution in its insurance policy. *See* Neb. Rev. Stat. § 13-916 ("procurement of insurance shall constitute a waiver of the defense of governmental immunity as to those exceptions listed in section 13-910 to the extent and only to the extent stated in such policy"). However, Brock has not pled any facts (or even made a conclusory allegation) in his complaint indicating that the City procured liability insurance that would waive its immunity for this claim. His brief implies only that the liability insurance exception to governmental immunity *may* apply in this case because the defendants "offer no evidence to suggest . . . that [they] have not purchased

---

clearly established that filing a lawsuit to limit such speech would violate the First Amendment. But the Court cannot assume that at the pleadings stage.

a liability insurance policy or that any liability insurance policy covering [d]efendants does not constitute waiver of immunity." Filing 17 at 21-22.

It is not enough to survive a Rule 12(b)(6) motion for Brock to argue in his supporting brief that he *may possibly* be able to state a viable claim in the future depending on what facts are discovered. Brock has failed to allege any facts indicating that the City waived its immunity. Based on this record, the PSTCA bars Brock's malicious prosecution claim against the City and its employees as a matter of law. Therefore, the Court will dismiss this claim.

Lastly, Brock argues that the PSTCA does not provide immunity to Petska in his individual capacity because he was acting as a private citizen when he caused the City to file the lawsuit against Brock. *See* filing 17 at 22. The PSTCA provides immunity for tort claims "caused by the . . . wrongful act . . . of any employee of the political subdivision, while acting within the scope of his or her employment." Neb. Rev. Stat. § 13-903. The PSTCA applies even "where an individual is sued in his or her individual capacity" as long as they were, in fact, acting within the scope of their employment when they committed the tortious act. *Cole v. Wilson*, 627 N.W.2d 140, 160-61 (Neb. Ct. App. 2001) (citing *Bohl v. Buffalo Cnty.*, 557 N.W.2d 668 (Neb. 1997)).

In his complaint, Brock alleges that Petska met with Sikyta and "representatives of the City of Ord" to discuss methods of retaliating against him. Filing 1 at 2. At this meeting, the defendants allegedly decided to take legal action against Brock, which resulted in a lawsuit filed by the City. From these facts, it is clear that any role Petska played in compelling the City and Sikyta to file the lawsuit occurred in his official capacity as mayor. The "winter meeting" was, as described, a meeting of the City's officers to address an affair or concern of the City. Attending such meetings and deciding on official actions

14

appropriate to address perceived issues of the City fall squarely within Petska's role as mayor. As such, the PSTCA also applies to bar Brock's malicious prosecution claim against Petska in his individual capacity, as any tortious conduct occurred within the scope of his employment. The Court will therefore dismiss Brock's malicious prosecution claim against all defendants.

## CONCLUSION

In sum, the Court will deny the defendants' motion to dismiss Brock's § 1983 retaliation claim, as he properly stated a claim and the individual defendants are not entitled to qualified immunity based on the evidence available *at this stage in the proceedings*. However, the Court will grant the defendants' motion to dismiss Brock's malicious prosecution claim. Brock's claim falls squarely within the intentional torts exception to the PSTCA, and he failed to make any factual allegations that the City waived its governmental immunity under the act. Thus, his claim is barred as a matter of law. Accordingly,

IT IS ORDERED:

1.  The defendants' motion to dismiss (filing 13) is granted in part, and denied in part, as follows:

    a.  Defendants' motion to dismiss Brock's § 1983 claim with respect to alleged violations of the First Amendment is denied.

15

      b.      Brock's state law malicious prosecution claim is dismissed as to all defendants.

Dated this 17 day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge